Case 3:10-cv-02149-CVR   Document 1   Filed 11/24/10   Page 1 of 15
**COMPLAINT**
Miguel A. García, et al. v. Puerto Rico Highways and Transportation Authority, et al.      1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| MIGUEL A. GARCÍA; ANA L. GARCÍA AND THE CONJUGAL LEGAL PARTNERSHIP COMPOSED BY THEM<br><br>Plaintiffs,<br><br>v.<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY; ENRIQUE E. MERCADO-HERNÁNDEZ; JANE DOE AND THE CONJUGAL LEGAL PARTNERSHIP COMPOSED BY THEM; CARLOS J. HERNÁNDEZ-BOCACHICA; JEAN DOE AND THE CONJUGAL LEGAL PARTNERSHIP COMPOSED BY THEM; JOSÉ R. SEPULVEDA RODRÍGUEZ; JANET DOE AND THE CONJUGAL LEGAL PARTERNSHIP COMPOSED BY THEM; INSURANCE COMPANY ABC; INSURANCE COMPANY DEF; INSURANCE COMPANY GHI AND INSURANCE COMPANY XYZ<br><br>Defendants | CIVIL NO. _____<br><br>TORTS<br><br>PLAINTIFFS DEMAND TRIAL BY JURY |

**COMPLAINT**

**TO THE HONORABLE COURT:**

   **COME NOW** the Plaintiffs and through the undersigned attorneys very respectfully aver and pray as follows:

1

**COMPLAINT**
Miguel A. García, et al. v. Puerto Rico Highways and Transportation Authority, et al.    2

## I. INTRODUCTION

1. This is a civil action brought pursuant to Articles 1802 and 1803 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 5141 and 5142 and Article 404 of the Puerto Rico Political Code as amended, 3 P.R. Laws Ann. § 422.

## II. JURISDICTION & VENUE

2. The jurisdiction of this Honorable Court is hereby invoked under 28 U.S.C. § 1332, since Plaintiffs are residents of the State of Florida while the co-defendant Puerto Rico Highways and Transportation Authority is a public corporation created by Commonwealth of Puerto Rico Law No. 74 of June 23 1965 and co-defendants Enrique E. Mercado-Hernández, Carlos J. Hernández-Bocachica, José R. Sepulveda-Rodríguez, Jane Doe, Jean Doe and Janet Doe are all residents of the Commonwealth of Puerto Rico. In addition, the amount in controversy exceeds the jurisdictional threshold of $75,000 for each Plaintiff exclusive of interest and costs. Venue lies on this district pursuant to 28 U.S.C.A. § 1391(a)(2) because the instant claims arose in the district of Puerto Rico.

## III. THE PARTIES

3. Plaintiff Miguel A. García has been a resident of the State of Florida for more than thirty(30) years and he was the

Case 3:10-cv-02149-CVR   Document 1   Filed 11/24/10   Page 3 of 15

COMPLAINT
Miguel A. García, et al. v. Puerto Rico Highways and Transportation Authority, et al.

victim of grave physical and emotional damages due to the Defendants' negligent acts and/or omissions.

4. Plaintiff Ana L. García has been a resident of the State of Florida for more than thirty (30) years. She is the wife of Mr. Miguel A. García and she has suffered grave emotional damage due to the Defendants' negligent acts.

5. Co-defendant Puerto Rico Highways and Transportation Authority (Hereinafter "ACT" for its Spanish Acronym) is a public corporation of the Commonwealth of Puerto Rico created by Law No. 74 of June 23 1965. Said statute granted the ACT the capacity to sue and to be sued independent of the Commonwealth of Puerto Rico. The ACT has the possession, administration and control of Commonwealth Highway No. 52, better known as the Luis A. Ferré Expressway.

6. Co-defendant Enrique E. Mercado-Hernández(Hereinafter Mr. Mercado) is a resident of the Commonwealth of Puerto Rico and he was the driver and owner of the Toyota Four Runner SUV, licence plate GUM-040 who struck Plaintiffs' vehicle on August 20, 2010.

7. Co-defendant Jane Doe is the wife of co-defendant Mercado. She is a resident of the Commonwealth of Puerto Rico and her name is not known at this juncture.

**COMPLAINT**
Miguel A. García, et al. v. Puerto Rico Highways and Transportation Authority, et al.

8. The Conjugal Legal Partnership of Mercado-Doe is composed of co-defendants Mercado and Jane Doe.

9. Co-defendant Carlos J. Hernández-Bocachica (Hereinafter Mr. Hernández) is a resident of the Commonwealth of Puerto Rico and he was the driver of the Chevrolet Malibu, license plate GNK-773 who struck co-defendant's Enrique E. Mercado-Hernández and Plaintiffs' vehicles on August 20, 2010.

10. Co-defendant Jean Doe is the wife of co-defendant Hernández. She is a resident of the Commonwealth of Puerto Rico and her name is not known at this juncture.

11. The Conjugal Legal Partnership of Hernández-Doe is composed of co-defendants Hernández and Jean Doe.

12. Co-defendant José R. Sepulveda-Rodríguez (Hereinafter Mr. Sepulveda) is a resident of the Commonwealth of Puerto Rico and he is the legal owner of the Chevrolet Malibu, license plate GNK-773 which was being driven by Carlos J. Hernández-Bocachica on August 20, 2010.

13. Co-defendant Janet Doe is the wife of co-defendant Sepulveda. She is a resident of the Commonwealth of Puerto Rico and her name is not known at this juncture.

14. The Conjugal Legal Partnership of Sepulveda-Doe is composed of co-defendants Sepulveda and Janet Doe.

15. Co-defendant Insurance Company ABC is the corporation which issued an insurance policy to Co-defendant Puerto Rico Highways and Transportation and Authority to cover for the incidents mentioned in this Complaint and whose name is not known at this juncture.

16. Co-defendant Insurance Company DEF is the corporation which issued an insurance policy to Co-defendant Enrique E. Hernández-Mercado to cover for the incidents mentioned in this Complaint and whose name is not known at this juncture.

17. Co-defendant Insurance Company GHI is the corporation which issued an insurance policy to Co-defendant Carlos J. Hernández-Bocachica to cover for the incidents mentioned in this Complaint and whose name is not known at this juncture.

18. Co-defendant Insurance Company XYZ is the corporation which issued an insurance policy to Co-defendant José R. Rodríguez-Sepulveda to cover for the incidents mentioned in this Complaint and whose name is not known at this juncture.

### IV.  THE FACTS

19. Plaintiffs have lived in the State of Florida for more than thirty (30) years.

20. Plaintiffs, who had been retired for a couple of years, started making plans in early 2010 to come to Puerto Rico

Case 3:10-cv-02149-CVR   Document 1   Filed 11/24/10   Page 6 of 15

COMPLAINT
Miguel A. García, et al. v. Puerto Rico Highways and Transportation Authority, et al.

to spend a year in the island, near some of their friends and family, and to rent a beach apartment.

21. As a result of that, Plaintiffs leased an apartment in the Hillside Village complex near the ocean in the town of Río Grande, Puerto Rico on July of 2010. They moved to that apartment on August 1st, 2010.

22. After raising their children in the mainland United States and after working for fifteen(15) years with the Social Security Administration and five(5) with the United States Air Force, Mr. García and his wife, who worked for twenty seven (27) with the State of Florida, had big plans for their year in Puerto Rico. They wanted to visit every tourist spot on the island, enjoy the beaches and spend time with family members whom they had had very little contact with in the last few years.

23. Their plans were ruined however, when on August 20, 2010 they decided to take a trip to the Guavate area in Cayey.

24. While Mr. García was driving from north to south on the Luis A. Ferre Expressway, Kilometer 32, in Cayey, co-defendant Mercado, who was driving a Toyota 4 Runner SUV, lost control of his vehicle and struck the left side of Plaintiffs' vehicle due to it falling into a puddle of water that had formed in said road and also due to his negligence in driving at a speed above the legal limit.

25. As a result of this accident Plantiffs and Co-defendant Mercado had to align their cars in the emergency lane, to examine the damage done and to wait for a police officer to arrive and take the Complaint of the accident.

26. While Plaintiffs and Mr. Mercado and his friend were waiting, Police Officer Berenger, Badge Number #35192, stopped at the scene and proceeded to call a Highway Patrol unit so they would take the Complaint. After doing this he left.

27. While they were waiting for said unit to arrive it started raining again, so Mr. Mercado and his friend got inside the Toyota 4 Runner, while Plaintiffs got inside their vehicle.

28. As soon as it stopped raining, Plaintiffs got out of their vehicle and moments after this happened they heard tires screeching.

29. In the blink of an eye, a Chevrolet Malibu, being driven by Co-defendant Hernández, struck the Four Runner who was parked. As a result, the Four Runner moved and strucked Mr. García violently.

30. The impact suffered by Mr. García was so severe that he flew across the air and landed several feet down the road.

31. Mrs. García witnessed all of this and screamed in horror after seeing her husband crashing into the ground and badly injured.

32. Just like co-defendant Mercado's, co-defendant Hernández's vehicle fell into the aforementioned puddle that had formed in Highway 52 and this, coupled with the high speed in which he was driving, resulted in him losing control of the Chevrolet Malibu and crashing into the two vehicles that were parked in the emergency lane.

33. That puddle always forms near the exit to the Guavate area as soon as it rains due to the design of the road and the engineering imperfections on that part of Highway #52. In fact, said puddle can sometimes be there for days after it has stopped raining. In addition, due to the fact that said puddle forms at a point of the highway just after a hill, it is almost impossible for drivers to see it before they fall in it and lose control of their vehicles.

34. As a result of this accident, Mr. García had to be transported in an ambulance to the "Hospital Menonita" in Cayey.

35. After been stabilized, he was taken to the "Centro Médico" in Río Piedras, since he had a femur fracture in his right leg and open wounds in his left leg and he would receive a more adequate medical treatment in said facility.

36. As a result of his accident, Mr. García had to spend five (5) days in the "Centro Médico" before he had surgery performed on him. During that wait he could not ingest any food

Case 3:10-cv-02149-CVR   Document 1   Filed 11/24/10   Page 9 of 15

**COMPLAINT**
Miguel A. García, et al. v. Puerto Rico Highways and Transportation Authority, et al.

and he suffered tremendously because of it and because of the intense pain he was under.

37. During this whole ordeal, Mrs. García was at his side at every moment, having to stand for hours at a time, since there were no chairs available for people to sit right next to the hospital beds.

38. On August 26, Mr. García was moved to the "Hospital Oncologico" in San Juan where his right femur was finally operated on.

39. He spent five(5) more days in that Hospital and he was finally granted medical leave to return to his apartment; after being hospitalized for eleven(11) days due to the Defendants negligent acts and/or omissions.

40. During those eleven (11) days Mr. García suffered intense physical and emotional pain.

41. Presently, Mr. García needs a cane to be able to walk and he still feels pain due to the metal rod that had to be inserted in his right leg.

42. In addition, his mental state has worsened. He used to be someone who was full of life and energy and now he cries constantly and is always sad. As a result of his injuries he cannot enjoy a lot of the physical activities that he used to do before the accident.

43. Mr. García has lost a lot of weight since his accident and he cannot stand or sit for long periods of time because otherwise the pain would be unbearable.

44. As to this day he still receiving medical treatment and he is expecting to undergo a surgery in the State of Florida in the next couple of months to treat the lacerations in his left leg.

45. Plaintiffs lives have taken a turn for the worse; they have been retired for a couple of years, and part of their plan for staying in Puerto Rico for a year was to bring over their sons and daughters and grandchildren during their vacations so they could see the Island and get to know their roots.

46. As a result of this ordeal the Plaintiffs have returned to the State Florida.

47. Due to the accident suffered by Mr. Garcia, Plaintiffs have had to incur in the following expenses:

   a) $2,276.00 to send their belongings back to Florida thru a moving company.

   b) $1,255.00 to send their car back to the State of Florida.

   c) $950.00 for plane tickets to return to their home in Florida.

   d) $1,800.00 for two months rent for an apartment that they were not able to use due to the accident.

e) $2,700.00 paid to be allowed to rescind their lease agreement in the apartment located in Rio Grande.

f) $88.20 paid to Liberty Cable to have their cable service in Rio Grande disconnected.

g) $172.67 paid to the Puerto Rico Power Authority for electric service for the apartment in Rio Grande that they barely used.

h) $3,196.30 in taxes paid to the Puerto Rico Treasury Department to bring their vehicle to Puerto Rico.

## V.   FIRST CAUSE OF ACTION

48. The allegations contained in paragraph No. 1 through No. 47 of this Complaint are incorporated by reference as if fully set forth herein by Plaintiffs.

49. Co-defendant ACT's negligent omissions are actionable by Articles 1802 and 1803 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 5141 and 5142 and Article 404 of the Puerto Rico Political Code as amended, 3 P.R. Laws Ann. § 422.

51. The Luis A. Ferré Expressway (Highway #52)is under the sole jurisdiction, possession and control of the ACT.

52. The ACT should had been aware of the existence of the aforementioned puddle since the same had been forming for months before this accident took place anytime that it rained near Kilometer 32 of the Luis A. Ferré Expressway.

Case 3:10-cv-02149-CVR   Document 1   Filed 11/24/10   Page 12 of 15

COMPLAINT
Miguel A. García, et al. v. Puerto Rico Highways and Transportation Authority, et al.

53. As mentioned before, said puddle forms because of the way the road is designed and because of engineering imperfections on that part of Highway #52, which allow the water to accumulate and create dangerous driving conditions on a road where cars can legally drive up to fifty-five (55) miles per hour.

54. Similarly, it was foreseeable that car drivers who were not able the see this puddle due to its location right after a hill, would lose control of their vehicles and cause damages and injuries just like the ones suffered by Plaintiffs.

55. The ACT failed to fulfill its duty to keep that part of Highway #52, which is under its sole control and jurisdiction, in adequate conditions, free of obstructions and dangerous conditions that would endanger the lives and the well being of the thousands of people who use it daily.

56. Co-defendants Mercado, Jane Doe and the Conjugal Legal Partnership composed by them, are liable to Plaintiffs under Article 1802 of the Puerto Rico Civil Code due to the negligence of Mr. Mercado in driving his vehicle at an excess speed, which coupled with the aforementioned puddle, caused him to crash into Plaintiffs' vehicle; creating the conditions for the subsequent car crash to take place.

57. Co-defendants Hernández, Jean Doe and the Conjugal Legal Partnership composed by them are liable to Plaintiffs

under Article 1802 of the Puerto Rico Civil Code due to the negligence of Mr. Hernández in driving the Chevrolet Malibu, Licence Plate No. GNK-773, at an excess speed, which coupled with the aforementioned puddle, caused him to crash into the Four Runner, which subsequently moved and struck Plaintiff Miguel A. García; resulting in the serious injuries suffered by him.

58. Co-Defendants Sepulveda, Janet Doe and the Conjugal Legal Partnership composed by them are liable to Plaintiffs under Article 1802 of the Puerto Rico Civil Code, since Mr. Sepulveda is the legal owner of the Chevrolet Malibu, License Plate No. GNK-773; which caused the injuries suffered by Mr. García.

59. The Defendants are jointly and severally liable to Plaintiffs for the damages caused to them by their negligent acts and/or omissions.

60. Insurance Companies ABC, DEF, GHI and XYZ are liable to Plaintiffs according to the terms and conditions of the insurance policies which they have in favor of the clients and which cover for their acts and omissions mentioned in this Complaint.

61. As a direct and proximate result of the Defendants' aforementioned conduct, Plaintiff Miguel A. García has suffered

and will continue to suffer grave physical and emotional damages estimated at not less than One Million Dollars ($1,000,000).

62. As a direct and proximate result of the Defendants' aforementioned conduct, Plaintiff Ana L. García has suffered and will continue to suffer grave emotional damage estimated at not less than Two Hundred and Fifty Thousand Dollars ($250,000).

63. As to this day, and as a result of Plaintiff Miguel A. Garcia's accident, Plaintiff have incurred in economic losses in the amount of $12,438.17. The Plaintiffs would have not incurred on those expenses if it wasn't for the Defendants' negligent acts and/or omissions.

## VI.   JURY TRIAL

64. Plaintiffs hereby invoke their right to a jury trial pursuant to the Seventh Amendment of the United States Constitution for all issues so triable.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray for this Honorable Court to enter Judgment imposing on Defendants to jointly pay a a) a compensation of One Million Dollars ($1,000,000) to Plaintiff Miguel A. García for the physical and emotional damages suffered by him , b)a compensation totaling Two Hundred and Fifty Thousand Dollars ($250,000) to Plaintiff Ana L. García for the emotional damages suffered by her, c) and a compensation

of Twelve Thousand Four Hundred and Thirty-Eight Dollars with Seventeen Cents($12,438.17) to Plaintiffs for the economic losses incurred by them, d) all with interest, attorney fees and the costs of the litigation, as well as any other remedy that this Honorable Court deems proper.

**RESPECTFULLY SUBMITTED** in Caguas, Puerto Rico on this 24th day of November of 2010.

**S/JOSÉ J. GUEITS-ORTIZ**
**JOSÉ J. GUEITS-ORTIZ**
U.S.D.C.-P.R. Bar No. 224704
**S/CHRISTIAN J. FRANCIS-MARTÍNEZ**
U.S.D.C.-P.R. Bar No. 227105

**FRANCIS & GUEITS' LAW OFFICES**
PO Box 267
Caguas, PR 00726
Tel. (787)237-5135/(787) 630-0498
E-Mail: jgueits@fglawpr.com
cfrancis@fglawpr.com